UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIA CARROLL,

Petitioner,

v.

MILLICENT WARREN,

Respondent.
_______________________________/

Case Number: 2:11-CV-10749

HON. GEORGE CARAM STEEH

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Maria Carroll filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Carroll is a state prisoner in the custody of the Michigan Department of Corrections pursuant to convictions for possession with intent to deliver between 450 grams and 1,000 grams of cocaine, possession of a firearm in the commission of a felony, and possession of marijuana. She argues that her conviction was obtained in violation of her constitutional rights because she received ineffective assistance of trial counsel and her sentence constitutes cruel and unusual punishment. Respondent argues that the claims are meritless. The Court finds that habeas relief is not warranted and denies the petition.

## I. Background

Carroll's convictions arise from the execution of a police search warrant of her home in Pontiac. Following a joint trial with co-defendant Roy Portis before separate

juries, she was convicted as set forth above. The Michigan Court of Appeals described the circumstances leading to Carroll's convictions as follows:

> In the master bedroom, the officers found a digital scale with cocaine residue, a corner tie plastic bag containing more than three grams of marijuana, and a pipe on top of a dresser. A Metro PCS cellular telephone was also on the dresser.[1] The top drawer of the dresser contained 14 loose nine-millimeter rounds, an empty nine-millimeter shell box, and a Metro PCS receipt in the name of "William Sullivan" that corresponded with the cellular telephone found on top of the dresser.[2] In the top drawer of a nightstand, the officers discovered 12 individually wrapped rocks of cocaine. On top of another nightstand was an opened Ajax false bottom can that contained two corner tie bags of crack cocaine; one bag had one rock of cocaine and the other had 13 individually wrapped rocks of crack cocaine. Inside that nightstand were several forms of correspondence to defendants Portis and Carroll. "Just inside" the bedroom closet, the officers found a nine-millimeter highpoint rifle with eight rounds in the magazine that were consistent with ammunition found in the dresser drawer. A brick of cocaine in a gallon-size Ziploc bag wrapped in duct tape and a corner tie bag containing three individually wrapped rocks of cocaine were also in the closet.
>
> Large male clothing, along with size 13 male shoes, and petite female clothing were found in the master bedroom. According to one of the officers, the large male clothing was consistent with defendant Portis's quite larger physique and the petite female clothing was consistent with defendant Carroll's smaller size. In the pocket of a 5XL sweatshirt, the officers found a corner tie of crack cocaine. A framed photo of defendant Portis sat on top of one of the dressers.

*People v. Carroll*, No. 286422, 2009 WL 3837339, *1 (Mich. Ct. App. Nov. 17, 2009).

---

[1] An officer monitored the cellular telephone that was confiscated from the master bedroom. When the telephone rang, the caller asked for "Jay" and requested narcotics.

[2] An officer explained that it is not difficult to obtain a Metro PCS cellular telephone using a false name, because it can be paid for in cash and no identification is required. The officer further explained that individuals involved in drug trafficking often use this method to prevent their cellular telephones from being traced back to them.

Carroll filed a direct appeal of her conviction, raising these claims: (i) counsel was ineffective in failing to object to admission of counsel-less inculpatory statement and in questioning police witnesses regarding the statement; and (ii) sentence violates the ban on cruel and unusual punishment. The Michigan Court of Appeals affirmed Petitioner's conviction and sentences. *Id.*

Carroll filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Carroll*, 779 N.W.2d 819 (Mich. 2010).

Carroll then filed the pending habeas petition. She raises these claims:

I. Petitioner was denied the effective assistance of counsel at trial where counsel failed to object to the admission of a counsel-less inculpatory statement, brought out by counsel for the co-defendant, and then questioned police witnesses extensively regarding the statement where the defense presented was that the Petitioner was unaware of the co-defendant's criminal drug distribution enterprise.

II. The 115 month to thirty year sentence, imposed pursuant to Petitioner's conviction of one count of possession with the intent to deliver between 450 and 1,000 grams of cocaine, to be served consecutive to the two year sentence imposed pursuant to her conviction for possession of a firearm in the commission of a felony, constitute a violation of the guarantee against cruel and unusual punishment provided by the Michigan Constitution.

## II. Standard

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, a state prisoner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

> determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413). However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, —, 131 S. Ct. 770, 789 (2011), (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard

against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams,* 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007), *citing Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

## III. Discussion

### A. Ineffective Assistance of Counsel Claim

To establish that she received ineffective assistance of counsel, a petitioner must show, first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner may show that counsel's performance was deficient by establishing that counsel's performance was "outside the wide range of professionally competent assistance." *Id.* at 689. This "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687.

To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A court's review of counsel's performance must be "highly deferential." *Id.* at 689. Habeas relief may be granted only if the state-court decision unreasonably applied the standard for evaluating ineffective-assistance-of-counsel claims established by *Strickland*. *Knowles v. Mirzayance*, 556 U.S. 111, 122-23 (2009). "The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable – a substantially higher threshold." *Id.* at 123 (internal quotation omitted).

Carroll argues that her attorney rendered ineffective assistance in his handling of

a statement she made to police when they executed the search warrant. According to police officers Charles Janczarek and Daniel Main, Carroll directed the police to the drugs and gun in the master bedroom. The officer did not include this statement in his police report or to the prosecutor until just before trial. Defense counsel, therefore, sought to exclude the statement for all purposes, including rebuttal. The trial court held that the statement was not admissible as substantive evidence of Carroll's guilt, but could be used for impeachment purposes.

During the prosecution's case-in-chief, counsel for co-defendant Portis asked Officer Janczarek about Carroll's statement, his failure to include it in the police report, and whether he had failed to disclose other relevant information. Carroll's defense attorney did not object to this line of questioning. The Michigan Court of Appeals held that defense counsel's failure to object was part of a reasonable trial strategy. The state court held that it was clear that Carroll intended to testify in her own defense and deny any knowledge of the drugs and gun. Therefore, the statement would have been admissible for impeachment purposes. The state court reasoned:

> Given that defendant Carroll intended to testify, thereby opening the door to the admission of the challenged statement as impeachment evidence, attacking the reliability of the statement became a crucial part of the defense strategy. Defense counsel attempted to use the facts surrounding the statement to discredit the police officers and their investigation, thereby raising questions about their claim that defendant Carroll told them about the drugs and gun. Thus, defense counsel's decision to discuss the statement in this context, during the officers' testimony, had a purpose of both removing the sting of the statement and of undermining the reliability of the police investigation. *See, e.g., People v. Rodgers*, 248 Mich. App. 702, 715-716, 645 N.W.2d 294 (2001). Under the circumstances, defense counsel's strategy was not unreasonable. This Court will not second-guess counsel in matters of trial strategy. *People v. Stewart*, 219 Mich. App. 38, 42, 555 N.W.2d 715 (1996). The fact that the strategy chosen by defense counsel did not work does not

constitute ineffective assistance of counsel. *Id.*

*Carroll*, 2009 WL 3837339 at *3.

The Supreme Court has stated that there are "countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland*, 466 U.S. at 689. Here, although another attorney may have proceeded differently, counsel's decision to attack the accuracy of the officers testimony and discredit their investigation was a sound one. Carroll is unable to overcome the strong presumption that counsel rendered adequate assistance and "made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. Habeas relief is denied.

**B. Sentencing Claim**

In her second claim, Carroll argues that her sentence of 115 months to 30 years' imprisonment for the possession with intent to deliver more than 450 grams of cocaine constitutes cruel and unusual punishment.

The Supreme Court has held that "the Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991), quoting *Solem v. Helm*, 463 U.S. 277, 288 (1983). Courts reviewing Eighth Amendment proportionality must remain highly deferential to the legislatures in determining the appropriate punishments for crimes. *United States v. Layne*, 324 F.3d 464, 473-74 (6th Cir. 2003), citing *Harmelin*, 501 U.S. at 999. "In implementing this 'narrow proportionality principle,' the Sixth Circuit has recognized that 'only an extreme

disparity between crime and sentence offends the Eighth Amendment.'" *Cowherd v. Million*, 260 F. App'x 781, 785 (6th Cir. 2008), quoting *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). As long as the sentence remains within the statutory limits, trial courts have historically been given wide discretion in determining "the type and extent of punishment for convicted defendants." *Williams v. New York*, 337 U.S. 241, 245 (1949).

Carroll's sentence is not grossly disproportionate to the crime committed. The sentence falls within the statutory maximum; therefore, this Court defers to the decision of the state court. *See Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) ("A sentence within the statutory maximum . . . generally does not constitute cruel and unusual punishment.") (internal quotation omitted). In addition, to the extent that Carroll argues that her sentence violates the Michigan Constitution, this claim is not cognizable on habeas review because habeas review is limited to alleged violations of the Constitution, laws, or treaties of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

## IV. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court will deny a certificate of appealability.

## V. Conclusion

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

Dated: February 12, 2015

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 12, 2015, by electronic and/or ordinary mail and also on Maria Carroll #686339, Huron Valley Complex - Womens, 3201 Bemis Road, Ypsilanti, MI 48197.

s/Barbara Radke
Deputy Clerk